IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNY DUNKEL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-768-L** |
| | § | |
| **FRANKLIN CREDIT MANAGEMENT** | § | |
| **CORPORATION**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

After a careful review of Plaintiff's Original Petition Suit[sic] for Fraud, filed in the 196th Judicial District Court, Hunt County, Texas, and Defendant's Notice of Removal, the court *sua sponte* **remands** this action to the 196th Judicial District Court, Hunt County, Texas.

Denny Dunkel ("Plaintiff" or "Dunkel") originally filed this action on January 30, 2013, against Franklin Credit Management Corporation ("Defendant" or "FCMC") in the 196th Judicial District Court, Hunt County, Texas. Dunkel asserts claims "for fraud in factum, mail fraud, wire fraud, deceptive trade practices, unlawful and illegal conversion, and for terminating an unauthorized unlawful and illegal non-judicial foreclosure" as a result of the alleged conduct by FCMC. Pl.'s Orig. Pet. 1. Later, within the body of Plaintiff's Original Petition (the "Petition"), he lists his claims or counts as "fraud in the factum," "conversion," "[d]erivatives of the note held in trust used without authorization for future gains," and "want of law and want of actual damage." Pl.'s Orig. Pet. 4-5, ¶¶ 11-14.

FCMC contends that federal question jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331. Specifically, FCMC contends the following:

> Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 as Plaintiff raises allegations related to various federal laws, including but not limited to 18 U.S.C. §§ 2071 and 2073, concealment and falsifying reports and documents; 18 U.S.C. §§ 471, 472, 473 and 513, falsification or alteration of an obligation or security of the United States; violations of RICO, 18 U.S.C. § 1961 *et seq.*; and mail fraud under 18 U.S.C. §§ 1341 and 1342. (*See* Pl[.]'s Orig. Pet. p.6[,] ¶5.)

Not. of Removal 2-3, ¶ 8. For the reasons that follow, the court determines that FCMC fails to show that this court has federal question jurisdiction over this action.

## II. Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even

at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

The general removal statute allows the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). In other words, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Accordingly, a case is removable only if federal question or diversity jurisdiction exists. As FCMC removed this action to this court on the basis of an alleged federal question pursuant to 28 U.S.C. § 1331, diversity of citizenship and the amount in controversy are not at issue. The court therefore addresses only whether the allegations of the Petition present a federal question that confers jurisdiction on this court.

### B. Federal Question

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. This, however, is not the only manner in which federal question jurisdiction may arise.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and

**Memorandum Opinion and Order – Page 3**

state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted). This means that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citation omitted). The "well-pleaded complaint rule" puts the plaintiff in the driver's seat in that it "makes the plaintiff the master of

**Memorandum Opinion and Order – Page 4**

the claim[s]; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (footnote omitted).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, as this case was removed to federal court, FCMC has the burden of establishing subject matter jurisdiction by showing that this action "arises under" federal law.

## III. Discussion

Contrary to FCMC's bold assertion, there is no reference to any specific federal statute in the Petition. Plaintiff, however, does make a reference to mail fraud and wire fraud, which are criminal violations of federal law, amidst several state law claims. Pl.'s Orig. Pet. 1. The Petition, on its face, simply asserts state common law or statutory state law claims. A close reading of the Petition readily reveals that none of the claims requests relief under federal law or turns on some construction or resolution of federal law.

With respect to the only mentioned violations of federal law — mail fraud and wire fraud — the court determines as a matter of law that they cannot serve as a basis for federal question jurisdiction. The mail fraud statute, 18 U.S.C. § 1341, makes the fraudulent use of the mails a federal offense; and the wire fraud statute, 18 U.S.C. § 1343, makes it a federal offense for one to use a scheme to defraud another by way of wire or electronic communication in foreign or interstate commerce. A violation of these statutes does not confer federal question jurisdiction on a federal court in civil cases. *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (citation omitted); *see also Wisdom v. First Midwest Bank*,

**Memorandum Opinion and Order – Page 5**

167 F.3d 402, 408 (8th Cir. 1999) ("Neither the mail fraud statute nor its legislative history provides for any remedy other than criminal sanctions. Thus, we agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes."). Accordingly, to the extent that Plaintiff's state law claims are predicated on alleged violations of these two federal statutes, FCMC cannot use them as a basis to establish federal question jurisdiction.

Moreover, even without the cited authority, the court determines that the purported federal issue is not necessary to the resolution of any state law claim asserted by Dunkel, that the purported federal issue is not actually disputed, that the federal issue is insubstantial, and that the exercise of federal jurisdiction will disturb the balance of federal and state judicial responsibilities. *Singh*, 538 F.3d at 338. The court makes this determination for the reasons previously stated and because Congress has elected not to recognize a private cause of action for mail or wire fraud that would serve as a basis for federal question jurisdiction. As the court has previously stated, Plaintiff's claims find their source in state law, and granting federal question jurisdiction to state law claims that are predicated on alleged violations of §§ 1341 and 1343 would "materially affect . . . the normal currents of litigation." *Grable*, 545 U.S. at 319.

## IV. Conclusion

For the reasons herein stated, the court **lacks** subject matter jurisdiction over this action and, pursuant to 28 U.S.C. § 1447(c), *sua sponte* **remands** this action to the 196th Judicial District Court, Hunt County, Texas. The clerk of court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 25th day of February, 2013.

_____
Sam A. Lindsay
United States District Judge